IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cr-00374-RK |
| | ) | |
| (2) MEGAN BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's motion for reconsideration of the Court's preliminary order of forfeiture for substitute property. (Doc. 465.) The motion is fully briefed. (Docs. 470, 471.)[1] After careful consideration, and for the reasons below, Defendant's motion for reconsideration is **DENIED**.

### I. Background

On January 5, 2018, Defendant was charged by information in lieu of indictment with two counts: conspiracy to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 137.) As to first count, the information also alleged forfeiture to the United States of America of certain property under 21 U.S.C. § 835 including a money judgment of $250,000 and forfeiture of substitute assets. (*Id.*) Defendant ultimately pleaded guilty to both counts. (Docs. 138, 140.) In the plea agreement, Defendant agreed to the forfeiture of at least $250,000 in proceeds from the offenses to which she plead guilty.

On February 7, 2018, the Government filed a motion for order of preliminary of forfeiture, which the Court granted on February 28, 2018. (Docs. 144, 150.) This preliminary order of forfeiture, to become final at the time of Defendant's sentencing, ordered (pursuant to the plea agreement) a personal money judgment against Defendant in the amount of $250,000. (Doc. 150.) On July 30, 2019, the Court sentenced Defendant to a total term of 210 months' imprisonment and imposed a money judgment against Defendant in the amount of $250,000. (*See* Docs. 369, 381.)

---

[1] Defendant initially filed her motion for reconsideration pro se. (*See* Doc. 465.) Subsequently, counsel entered a notice of appearance on behalf of Defendant (Doc. 468), and filed reply suggestions on Defendant's behalf. (Doc. 471.)

On December 23, 2020, the Government filed a motion seeking a preliminary order of forfeiture for substitute property. (Doc. 433.) The Government asked the Court, pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(b)(2) and (e)(1)(B) to enter a preliminary order of forfeiture for $250,000 held in Defendant's name in a Federal Bureau of Prisons Trust Fund Account as substitute property for satisfaction of the money judgment. (*Id.*) The Court granted the Government's motion and issued the preliminary order of forfeiture for substitute property on December 28, 2020. (Doc. 435.) The Government filed its motion for final order of forfeiture as to the substitute property on August 31, 2021. (Doc. 463.) The Government stated, pursuant to 21 U.S.C. § 853(n), notice of the forfeiture had been properly posted on an official government internet site for at least 30 days and no third-party claims to the subject property had been filed. (*Id.*) Accordingly, the Court entered an order granting the Government's motion for a final order of forfeiture of substitute property on the same day. (Doc. 464.)

Defendant, at the time pro se, filed the instant motion on August 16, 2021. (Doc. 465.) In her pro se motion, Defendant asks the Court to "reconsider the matter on forfeiture for substitute property that was filed and entered on December 28, 2020."[2] In her reply in support of the motion for reconsideration (filed by counsel), Defendant argues she did not have a fair opportunity to oppose the preliminary order of forfeiture prior to the order being entered because the certified copy of the Government's motion was not delivered until January 4, 2021, seven days after the Court entered its order of preliminary forfeiture for substitute property. (Doc. 471 at 2; *see also* Doc. 470-1.) Defendant argues the Court should reconsider the preliminary order of forfeiture for substitute property because the Government failed to satisfy its burden of proving that forfeiture of substitute property is proper in this case. After considering the arguments in Defendant's reply brief for reconsideration, the Court declines to reconsider the prior order.

---

[2] Defendant also stated in her pro se motion: "Third, I would like to appeal or ask for an extension on this final order [of forfeiture of substitute property] and suggestion regarding this matter, to give me more time to gather all documents to support this motion." Defendant's motion was docketed as a motion for reconsideration of the preliminary order of forfeiture for substitute property. Counsel did not address this statement in the reply suggestions filed on Defendant's behalf and argues only for reconsideration of the preliminary forfeiture order. If Defendant wishes to appeal *this* order, she should file a notice of appeal clearly designated as such. Additionally, to the extent Defendant's motion could be read as asking for an extension of time to file suggestions opposing the final forfeiture order, this request is **denied as moot**, the final order of forfeiture for substitute property having been issued.

## II. Discussion

Section 853(a) allows, in part, "forfeit[ure] to the United States . . . any property constituting, derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." § 853(a)(1). Section 853(p) provides that if property subject to forfeiture under § 853(a),

> as a result of any act or omission of the defendant:
>
> (A) cannot be located upon the exercise of due diligence;
>
> (B) has been transferred or sold to, or deposited with, a third party;
>
> (C) has been placed beyond the jurisdiction of the court;
>
> (D) has been substantially diminished in value; or
>
> (E) has been commingled with other property which cannot be divided without difficulty,

[then] the court shall order the forfeiture of any other property of the defendant, up to the value of any [forfeited] property.

§ 853(p)(1)-(2).

The Court emphasizes to the extent Defendant's motion for reconsideration challenges whether the Government has shown Defendant did possess $250,000 in proceeds connected to the criminal activity of which she plead guilty and was convicted, this is an improper collateral attack on the *original* preliminary order of forfeiture that became final at Defendant's sentencing. Forfeiture of substitute property under § 853(p) necessarily rests on the prerequisite that a defendant possessed forfeited property. In this case, in fact, Defendant agreed in the plea agreement she possessed $250,000 in proceeds from the relevant criminal activity. Defendant's argument the Government did not prove in its motion for preliminary order of forfeiture for substitute property Defendant possessed the forfeited property to satisfy § 853(a) is improper here. Defendant only asks the Court to reconsider the order granting the Government's motion for preliminary order of forfeiture for substitute property, not the original forfeiture order or money judgment imposed at Defendant's sentencing.

Under § 853(p), the Government must show the property subject to forfeiture, because of an act or omission of the defendant, cannot be located, has been transferred or sold or deposited with a third party, etc. The Government satisfied its burden here. It attached to its motion for

3

preliminary order of forfeiture for substitute property an affidavit from a Deputy U.S. Marshal attesting he "participated in the investigation of assets of the defendant Megan Bailey," "ha[s] diligently searched for proceeds from the crime but have been unable to positively trace any," and that the investigation revealed "no traceable assets, real property or vehicles, connected to Megan Bailey." (Doc. 433-1.) The Government has met the requirements of § 853(p) in this case. *See also United States v. Napoli*, No. 07-75-1, 2015 WL 4404789, at *1 (E.D. Pa. July 17, 2015) (citing *United States v. Gordon*, 710 F.3d 1124, 1166-67 (10th Cir. 2013)), *aff'd* 661 F. App'x 221 (3d Cir. 2016). After considering Defendant's arguments, the Court declines to reconsider its prior order of preliminary forfeiture for substitute property. Defendant's motion for reconsideration of the preliminary order of forfeiture of substitute property (Doc. 465) is, accordingly, **DENIED.**

      **IT IS SO ORDERED**.

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: November 12, 2021